IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:06-246-HMH |
| vs. | ) | |
| | ) | |
| Issac Jermaine Brown, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Issac Jermaine Brown's ("Brown") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On July 25, 2006, Brown pled guilty to one count of possession of a firearm by a convicted felon. Brown was sentenced on October 20, 2006, to one hundred eighty (180) months' imprisonment.

On October 27, 2006, Brown appealed his conviction and sentence. The instant motion was filed on November 27, 2006.[1] Because his direct appeal is still pending, the court lacks jurisdiction to consider Brown's § 2255 motion. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (finding that filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."), superseded on other grounds by, Fed. R. App. P. 4(a)(4). As such, Brown's collateral attack of his conviction and sentence under 28 U.S.C. § 2255 is premature. See Pratt v. United States, 129 F.3d 54, 60-61 (1st Cir. 1997). Therefore, after a thorough review of the facts and pertinent law, the court dismisses Brown's § 2255 motion.

---

[1] Houston v. Lack, 487 U.S. 266 (1988)

1

Therefore, it is

**ORDERED** that Brown's § 2255 motion is dismissed without prejudice.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
December 1, 2006

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.