IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America )<br>)<br>vs. )<br>)<br>Isaac Jermaine Brown, )<br>)<br>Movant. ) | Cr. No. 8:06-246–HMH<br><br>**OPINION & ORDER** |

This matter is before the court on Isaac Jermaine Brown's ("Brown") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court dismisses Brown's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2006, Brown pled guilty to being a felon in possession of a firearm. On October 20, 2006, Brown was sentenced to one hundred eighty (180) months' imprisonment. Brown appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction on September 5, 2007. United States v. Brown, No. 06-5112, 2007 WL 2485257, at *1 (4th Cir. Sept. 5, 2007) (unpublished). Brown filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on February 19, 2008. Brown v. United States, 128 S.Ct. 1325 (U.S. Feb. 19, 2008) (unpublished). Brown filed the instant § 2255 motion on February 9, 2009.[1]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF THE LAW

Brown alleges that he was incorrectly sentenced as an armed career criminal because his prior state court convictions are not qualifying predicate offenses. Brown was sentenced as an armed career criminal. See 18 U.S.C. § 924(e)(1) (2006); U.S.S.G. § 4B1.1 (2003). Section 924(e)(1) provides in relevant part that "[i]n the case of a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." Brown has three prior convictions for violent felonies or serious drug convictions, including a conviction for assault and battery of a high and aggravated nature ("ABHAN"), a conviction for distribution of a controlled substance within proximity of a school, and a conviction for distribution of cocaine within close proximity of a school. (Presentence Investigation Report ("PSR"), ¶¶ 8, 9, & 13.)

Brown alleges that he was not represented by counsel with respect to two of his qualifying convictions. Brown's claim is wholly without merit. A defendant may collaterally attack prior convictions used to enhance his sentence under the U.S.S.G. if the prior convictions were obtained in violation of the right to counsel. Custis v. United States, 511 U.S. 485, 487 (1994). However, "[t]here is a presumption of regularity of prior convictions used for purposes of enhancing a sentence." United States v. Krejcarek, 453 F.3d 1290, 1297 (10th Cir. 2006) (internal quotation marks omitted). "Self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded prior convictions." Id. at 1297-98. Brown submits his own self-serving statement that he was without counsel and the affidavit of his mother who states that Brown had counsel, but that she

2

did not see Brown's counsel at the hearing on April 13, 2000. (Brown's Mem. Supp. § 2255 Exs. (Annette Brown Aff., generally).) The PSR indicates that Brown was sentenced on April 13, 2000, on the ABHAN charge and distribution of a controlled substance within close proximity of a school charge. Brown submits no documentary evidence other than his own self serving statements that he did not have counsel with respect to these convictions. To the contrary, the documentary evidence indicates that Brown was represented by Fletcher Johnson ("Johnson") and Robert Gamble ("Gamble"). Several documents produced by Brown indicate that Johnson and Gamble represented Brown with respect to his ABHAN and distribution of controlled substance convictions. (Brown's Mot. Expand Record Exs. (Order Appointing Counsel, Order Reducing Bond, Medical Release).) The fact that Fletcher Johnson did not sign the indictments does not overcome the presumption of regularity. Therefore, this claim is without merit.

Further, on direct appeal, Brown argued that he was improperly sentenced as an armed career criminal. The Fourth Circuit noted that "Brown filed a supplemental pro se brief raising the issues of whether the Armed Career Criminal Act was applied in error to his sentence and whether counsel was ineffective for allegedly failing to examine Brown's prior conviction file." Brown, 2007 WL 2485257, at *1. The Fourth Circuit found that "[i]n accordance with Anders [v. California, 386 U.S. 738 (1967)], we have reviewed the entire record in this case and have found no meritorious issues for appeal, including those advanced by Brown in his supplemental pro se brief." Id. Brown cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

3

Second, Brown alleges that his trial counsel was constitutionally ineffective because he did not examine Brown's conviction file prior to sentencing. In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Brown must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Brown must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Brown alleges that if his trial counsel had examined his conviction file, he would have known that Brown did not qualify as an armed career criminal. Brown raised this issue on direct appeal and the Fourth Circuit found that this claim was without merit. Brown, 2007 WL 2485257, at *1. Further, the Fourth Circuit found that Brown's argument that he was incorrectly sentenced as an armed career criminal was without merit. Brown has not submitted any evidence to overcome the presumption of regularity afforded his prior convictions. Krejcarek, 453 F.3d at 1297. Therefore, because Brown was sentenced properly as an armed career criminal, Brown's trial counsel was not constitutionally ineffective in allegedly failing to review Brown's conviction file. Based on the foregoing, Brown's § 2255 motion is summarily dismissed.

4

It is therefore

**ORDERED** that Brown's § 2255 motion, docket number 60, is dismissed. It is further

**ORDERED** that Brown's motion to expand the record, docket number 61, is denied as moot.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
February 18, 2009