IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:06-246–HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Issac Jermaine Brown, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Issac Jermaine Brown's ("Brown") motion to "reopen the judgment in light of intervening controlling precedent," which the court construes as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court dismisses Brown's motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2006, Brown pled guilty to being a felon in possession of a firearm. On October 20, 2006, Brown was sentenced to one hundred eighty (180) months' imprisonment. Brown appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction on September 5, 2007. United States v. Brown, No. 06-5112, 2007 WL 2485257, at *1 (4th Cir. Sept. 5, 2007) (unpublished). Brown filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on February 19, 2008. Brown v. United States, 128 S. Ct. 1325 (U.S. Feb. 19, 2008) (unpublished). Brown filed a § 2255 motion on February 9, 2009,[1] which the court summarily dismissed on March 5, 2009. The court denied Brown's motion for reconsideration on March 23, 2009. Brown filed a notice

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

of appeal of the court's March 5, 2009 and March 23, 2009 orders on April 22, 2009. This appeal is currently pending. Brown filed the instant motion to "reopen the judgment in light of intervening controlling precedent" on June 1, 2009. (Brown Mot. Reopen 1.)

## II. Discussion of the Law

The court construes Brown's instant motion as one to vacate, set aside, or correct his sentence pursuant to § 2255 because Brown is attacking the validity of his conviction and sentence alleging that under Arizona v. Gant, 129 S. Ct. 1710 (U.S. 2009), officers conducted an unlawful search of his vehicle in which the gun was found. (Brown Mem. Supp. Mot. 4.) Because Brown has previously filed a § 2255 motion, the instant motion is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "The court of appeals must examine the application to determine whether it contains any claim that satisfies . . . § 2255." Id. The class of claims that satisfies § 2255 are few. The applicant must come forward with "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h). Alternatively, the applicant may cite "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application. Winestock, 340 F.3d at 205.

Brown has not obtained authorization from the appropriate United States Court of Appeals to proceed with a second or successive § 2255 motion.  Additionally, Brown has failed to show "[reliance] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence" such that his motion should not be considered successive.  Gonzalez v. Crosby, 545 U.S. 524, 529 (2005); see 28 U.S.C. § 2244(b)(2).  The United States Supreme Court has not made Gant retroactive to cases on collateral review.  "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."  Tyler v. Cain, 533 U.S. 656, 663 (2001).

It is therefore

**ORDERED** that Brown's § 2255 motion, docket number 73, is dismissed.

**IT IS SO ORDERED**.

                                                                                 s/Henry M. Herlong, Jr.
                                                                                 United States District Judge

Greenville, South Carolina
June 5, 2009

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.